

FILED

10 AUG 13 AM 8:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS,<br>CDC #H-87217,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LAIRD, Correctional Officer Sergeant,<br>et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　10-1678 W (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g)** [Doc. No. 2]<br><br>**AND**<br><br>**(2) DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　　Plaintiff, a state prisoner proceeding pro se, and currently incarcerated at Salinas Valley State Prison in Soledad, California, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**A.　Motion to Proceed IFP**

　　　　As Plaintiff is well aware, section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.

28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (citation omitted). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

**B. Application of 28 U.S.C. § 1915(g)**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). While difficult to decipher, Plaintiff's Complaint seeks to re-allege deprivations of personal property and Eighth Amendment violations against Richard J. Donovan Correctional Facility officials dating back to March 2001.

However, these types of allegations–all discrete incidents of alleged wrongdoing by prison officials occurring more than seven years ago–are simply insufficient to show the "imminent danger of serious physical injury" required to overcome § 1915(g)'s bar. *Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on conditions a prisoner faced at

the time the complaint was filed, *not at some earlier ... time.*") (emphasis added). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had nine prior prisoner civil actions dismissed in the Northern and Southern Districts of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

They are:

1) *Nichols v. Weissberg*, 2001 WL 678637 (N. D. Cal. June 8, 2001 Order of Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) in Civil Case No. 01-2159 VRW (PR) [Doc. No. 4]);

2) *Nichols v. Weissberg*, 2001 WL 761310 (N. D. Cal. June 29, 2001 Order of Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) in Civil Case No. 01-2447 VRW (PR) [Doc. No. 3]);

3) *Nichols v. Hunt*, Civil Case No. 01-1798 L (LAB) (S.D. Cal. Oct. 9, 2002 Order Dismissing First Amended Complaint for failing to a state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b) [Doc. No. 14]);

4) *Nichols v. Hunt*, Civil Case No. 02-0300 K (NLS) (S.D. Cal. April 24, 2002 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 4]);

5) *Nichols v. Magnum*, Civil Case No. 02-1272 (S.D. Cal. July 17, 2002 Order dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 3]);

6) *Nichols v. Logan*, Civil Case No. 04-2533 H (NLS) (S.D. Cal. Dec. 29, 2004 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 3]);

7) *Nichols v. Biggs*, Civil Case No. 03-1476 L (LSP) (S.D. Cal. Aug. 27, 2003 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 4]);

8) *Nichols v. Laird*, Civil Case No. 04-1662 J (PCL) (S.D. Cal. Sept. 17, 2004 Order denying Motion to Proceed *In Forma Pauperis* and dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(2) [Doc. No. 3];

9) *Nichols v. Hunt*, Civil Case No. 04-2192 W (PCL) (S.D. Cal. Dec. 27, 2004 Order denying Motion to Proceed *In Forma Pauperis* and dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 7]).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### C. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2] pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** this action for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a); and

/ / /

/ / /

1     (2)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:    8/12/10

HON. THOMAS J. WHELAN
United States District Judge